UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE PHILLIPS,

    Plaintiff,

                                                    Case No. 08-13978

v.                                                 Hon. Lawrence P. Zatkoff

UNITED PARCEL SERVICE, INC. and
TEAMSTERS LOCAL 243,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on a number of motions. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.

**II. BACKGROUND**

This case arises under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiff alleges that Defendant United Parcel Service (UPS) violated the LMRA when it breached a collective bargaining agreement by terminating Plaintiff's employment without just cause. Plaintiff further asserts that Defendant Teamsters Local 243 (Local 243) violated its duty of

fair representation in its handling of Plaintiff's grievance.

Prior to his termination, Plaintiff was employed for 18 years as a full-time package car driver for UPS. Plaintiff's employment was governed by a national collective bargaining agreement, which was supplemented by regional and local agreements.

On or around December 20, 2007, UPS requested that Plaintiff choose between "guaranteed" and "actual" hours for his Christmas Eve, December 24, 2007, shift. The difference being that, under the "guaranteed" option, Plaintiff would receive 8-hours worth of wages even if he did not require 8-hours to complete his duties that day. According to Plaintiff, it was commonplace for employees to clock out after completing their duties and still receive full pay for an 8-hour shift.

Plaintiff elected the "guaranteed" option, and he completed his duties on December 24 shortly before his 8-hour shift was scheduled to end. Plaintiff then clocked out, but UPS requested that Plaintiff return to work for the remainder of his shift. Plaintiff objected, noting that he had completed his assigned duties and was already clocked out. UPS notified Plaintiff that if he did not return to work, he would lose his guaranteed pay for that day and the incident would be considered a "voluntary quit." Plaintiff informed UPS that he would grieve any pay dockage and that he was not quitting. After receiving no response, Plaintiff proceeded to leave for home. UPS terminated Plaintiff's employment on December 27, 2007.

Prior to this incident, Plaintiff had been actively involved with union politics. He publicly supported Tom Leedham's "Rank-and-File" movement to oust James Hoffa, Jr. as Teamster's General President. Plaintiff was among those elected as delegates to the June 2006 International Union convention. Thereafter, in 2007, Plaintiff agreed to run as a candidate on the "Rank-and-File" platform to challenge the current Local 243 officers.

Plaintiff believes that his termination was based on his opposition to Local 243's current leadership. Plaintiff contends that Local 243 sabotaged his grievance regarding his termination by refusing to meet with Plaintiff when his union steward could be present, and allowing his grievance to be heard by a panel of representatives who supported Hoffa and knew of Plaintiff's support for Leedham. Plaintiff also alleges that Greg Lowran, who represented Plaintiff on behalf of Local 243, failed to inform Plaintiff and the joint panel of evidence that two other drivers involved in similar incidents were not terminated, and that Lowran failed to properly present this evidence at a second committee hearing when requested to do so.

Soon after the case was filed, UPS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 9], and Local 243 filed a motion alternatively requesting dismissal under Rule 12(b)(6) or summary judgment pursuant to Rule 56 [dkt 11]. Plaintiff filed two motions thereafter, requesting that the Court permit discovery in this matter [dkt 14] and that the Court allow Plaintiff to amend his complaint [dkt 16]. Plaintiff also filed a motion to strike Local 243's reply brief in support of its motion to dismiss [dkt 21]. Local 243 responded with a motion for leave to file amended reply brief [dkt 28]. Plaintiff has also filed a motion to compel discovery [dkt 32], which the Court referred to Magistrate Judge Majzoub.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org.*

*for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

## IV. ANALYSIS

**A. Plaintiff's Motion to Strike and Local 243's Motion for Leave to File Amended Reply Brief**

Plaintiff has moved to strike Local 243's reply brief filed in support of its motion to dismiss. Plaintiff challenges the reply brief on the basis that Local 243 violated this Court's local pleading rules by manipulating font sizes and spacing in order to meet the 5-page limit. Local 243 does not contest Plaintiff's allegations, and it has requested that the Court permit the filing of an amended reply brief that conforms to the applicable rules. Plaintiff opposes that motion.

Pursuant to E.D. Mich. L.R. 7.1(c)(3)(B), the text of a reply brief may not exceed 5 pages. Further, E.D. Mich. L.R. 5.1(a) provides that all briefs must be double-spaced (with the exception of footnotes), must be in a typeface "no smaller than 10-characters per inch (non-proportional) or 12-point (proportional)," and include margins of one inch on each side and one-and-one-half inches on the top and bottom. Plaintiff calculates the number of lines and words that the brief contains to

prove the alleged violation, and it is obvious by comparing Local 243's reply brief to its other filings that the reply brief utilizes a smaller font and lesser spacing.

In its defense, Local 243 notes that Plaintiff did not seek concurrence before filing his motion to strike as required by E.D. Mich. L.R. 7.1(a). Local 243 maintains that if such concurrence had been requested, the situation would have immediately been rectified without necessitating time-consuming and costly filings. The Court finds this response inadequate, as Plaintiff's failure to seek concurrence does not excuse Local 243's deliberate attempt to circumvent the local pleading rules. The Court, however, admonishes all parties that future failures to seek concurrence before filing any motion will result in the denial of that motion without consideration of the merits.

Accordingly, IT IS ORDERED that Local 243's reply brief be STRICKEN for failure to comply with E.D. Mich. L.R. 5.1 and 7.1. IT IS FURTHER ORDERED that Local 243's motion for leave to amend reply brief IS DENIED.

**B. Plaintiff's Motion for Permission to Conduct Discovery**

In cases where a party alleges a need for further discovery, the non-movant bears the burden of informing the Court that additional discovery is required and "must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). If the non-movant makes such a showing, "the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* (citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)).

Plaintiff has filed a motion and an affidavit detailing his need for discovery. The Court agrees that Plaintiff is entitled to discovery before a motion for summary judgment is entertained.

Insofar as the Court declines to convert Defendants' motions to dismiss into motions for summary judgment, Plaintiff's motion to conduct discovery is GRANTED.

**C. Defendants' Motions to Dismiss**

Lawsuits filed simultaneously against the employer and the union, such as Plaintiff's, are considered "hybrid" claims arising under § 301 of the LMRA. A hybrid claim is subject to the 6-month statute of limitations provided for by the LMRA. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). A hybrid claim "accrues when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins v. Int'l Union of Elec., Radio, & Mach. Workers, ALF-CIO-CLC*, 769 F.2d 330, 335 (6th Cir. 1985) (citations omitted). An action may be properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) based on a statute-of-limitations defense if it is apparent from the face of the complaint that no set of facts would entitle the plaintiff to relief. *See Gibson v. Am. Bankers Assoc.*, 289 F.3d 943 (6th Cir. 2002); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

Plaintiff's complaint mentions several alleged deficiencies regarding Local 243's handling of his grievance, but the crux of his complaint is that, subsequent to his grievance hearing, he was informed that two other drivers involved in similar incidents were not terminated. Defendants insist that Plaintiff's suit is barred by the 6-month statute of limitations because any potential violation accrued as of the January 16, 2008, grievance hearing. Plaintiff disagrees, and he argues that his cause of action did not accrue until on or about March 19, 2008, when he became aware of this evidence. If Defendants' accrual date is correct, Plaintiff's September 15, 2008, filing is untimely; however, if Plaintiff's claims accrued on March 19, 2008, his lawsuit would not be barred.

The Court cannot say that no set of facts exists that could entitle Plaintiff to relief. Accepting

as true all of Plaintiff's factual averments in his complaint, Local 243 had knowledge of possible exculpatory evidence and failed to apprise Plaintiff or the joint committee of this evidence, all because of Plaintiff's political activities. Further, Plaintiff remained unaware that this evidence existed until it was brought to his attention on or around March 19, 2008. This suit was filed within six months of that date. Such a showing is all that is required at this stage of the proceedings. Whether Plaintiff knew or should have known of the evidence at an earlier date, or whether Local 243 actually was aware of the evidence, are questions to be explored through discovery. Defendants may revisit the statute-of-limitations issue in a motion for summary judgment.

Likewise, Defendants' arguments that their actions did not violate § 301 require factual determinations that are not properly before the Court. Accordingly, Defendants' motions to dismiss are DENIED.

**D. Plaintiff's Motion to Amend Complaint**

As a final matter, Plaintiff has moved to amend his complaint to (1) add a paragraph stating that the internal union remedies would not have afforded Plaintiff relief; (2) add a request for relief in the form of reinstatement; and (3) delete extraneous text from his prayer for relief. Defendants argue that the amendment would be futile because Plaintiff has failed to state a valid hybrid claim.

Fed. R. Civ. P. 15(a)(2) allows for amended pleadings, "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Among the Court's considerations when deciding whether to allow an amendment are "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Defendants have not described how the proposed amendment would cause undue prejudice, nor does it appear that Plaintiff is acting in bad faith or in a dilatory fashion. Further, Defendants' futility argument is mooted by this opinion. Having been presented no reason to deny Plaintiff's amendments, the Court GRANTS Plaintiff's motion to amend complaint.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to strike reply brief [dkt 27] is GRANTED;

IT IS FURTHER ORDERED that Defendant Local 243's motion for leave to file amended reply brief [dkt 28] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's motion for permission to conduct discovery [dkt 14] is GRANTED;

IT IS FURTHER ORDERED that Defendant UPS's motion to dismiss [dkt 9] and Defendant Local 243's motion to dismiss or alternatively for summary judgment [dkt 11] are DENIED;

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint [dkt 16] is GRANTED;

IT IS FURTHER ORDERED that Defendants file responsive pleadings to Plaintiff's complaint within 14 days of the entry of this order.

IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: July 10, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2009.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290