UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE PHILLIPS,

    Plaintiff,

v.

Case No. 08-13978
Hon. Lawrence P. Zatkoff

UNITED PARCEL SERVICE, INC. and
TEAMSTERS LOCAL 243,

    Defendants.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 2, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant United Parcel Service, Inc.'s (UPS) motion to limit discovery [dkt 47]. Plaintiff has filed a response to the motion, and the time for UPS to reply has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, UPS's motion is DENIED.

**II. BACKGROUND**

This "hybrid" case arises under § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185. To summarize, Plaintiff alleges that he was improperly terminated as a result of his political activities in opposition to the ruling union administration. Plaintiff further contends that

Defendant Teamsters Local 243 (the "Union") withheld exculpatory evidence from both himself and the joint-committee panel that upheld his dismissal.

Defendants maintain that Plaintiff has filed his cause of action outside of the 6-month statute of limitations for hybrid LMRA actions. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). Defendants filed motions to dismiss the complaint on this ground, and the Court held that undeveloped issues of fact precluded a grant of dismissal.

UPS now asks that the Court limit discovery to the factual issues relevant to its statute of limitations defense. Plaintiff opposes the motion, noting that such an order would result in increased litigation and expense.

### III. LEGAL STANDARD

"The scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see also S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). Federal Rule of Civil Procedure 26(b)(2)(C) requires that the Court:

> must limit the extent of discovery allowed by these rules or by local rule if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

### IV. ANALYSIS

UPS suggests that a limiting order will allow for a more expedient and cost-effective resolution of this case because the limited discovery will allow it to prove its statute-of-limitations defense. Plaintiff presents compelling arguments against the entry of such an order. First, he posits that bifurcating discovery will lead only to further litigation regarding the bounds of such a limitation. Second, he argues that the parties would be required to conduct certain discovery, such

as depositions, twice; once on the statute-of-limitations issue, and again on all other issues.

The Court finds that limiting discovery to the statute-of-limitations issue is not appropriate in this matter. Along with the above-mentioned concerns, the Court finds that such a limitation would be prejudicial to Plaintiff, as he would essentially be precluded from conducting discovery in his favor while Defendants gather evidence in support of their defense. Without a limiting order, Defendants may, of course, proceed in discovery in whatever manner they wish, and they may focus their resources accordingly. Further, Defendants may file motions for partial or full summary judgment at any time during the discovery phase prior to the dispositive motion cut-off date.

Therefore, after consideration of the relevant factors listed in Fed. R. Civ. P. 26(b)(2)(C)(iii), the Court is unable to conclude that the likely benefit of the proposed limitation would outweigh its burden and expense.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that UPS's motion to limit discovery [dkt 47] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 2, 2009.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290