UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE PHILLIPS,

    Plaintiff,

  VS.

UNITED PARCEL SERVICE,
INC. and TEAMSTERS LOCAL
243,

    Defendants.

_____/

**CIVIL ACTION NO.  08-CV-13978**

**DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**MAGISTRATE JUDGE MONA K. MAJZOUB**


## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR, ALTERNATIVELY, FOR AMENDED ANSWERS (DOCKET NO. 57)

This matter comes before the Court on Defendant United Parcel Service, Inc.'s Motion To Deem Requests For Admission Admitted Or, Alternatively, For Amended Answers filed on October 30, 2009.  (Docket no. 57).  Plaintiff filed a Response In Opposition on November 16, 2009. (Docket no. 59).  The parties filed a Joint Statement Of Resolved And Unresolved Issues on February 22, 2010.  (Docket no. 65).  This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 62).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  The parties having fully briefed the issues, the motion is ready for ruling.

Defendant United Parcel Service, Inc. (UPS) served its First Requests for Admission on Plaintiff on August 17, 2009[1].  Plaintiff served answers on September 21, 2009.  Defendant UPS

---

[1] Defendant failed to attach the original Requests for Admission to its Motion, as required by E.D. Mich. 37.2 and despite referring to them as "Exhibit 1."  Defendant has, in most instances, reproduced portions of the relevant requests and answers remaining at issue and Plaintiff has attached its full answers and accompanying requests to its Response.  Plaintiff's

argues that Plaintiff's answers are evasive, insufficient, unjustified and contradicted by evidence in

Plaintiff's possession and should be deemed admitted, or, in the alternative, the Court should order

Plaintiff to serve amended responsive answers.  (Docket no. 57).  According to the parties' Joint

Statement, the parties have resolved the issues as to Request for Admission Nos. 6 through 12.

Seven Requests for Admission remain unresolved; they are Nos. 13, 18, 20 and 30-32.  (Docket no.

65).

**a.      Request For Admission Nos. 13, 18 and 20.**

Under Rule 36, Fed. R. Civ. P., a party may serve a written request to admit the truth of

matters relating to: "(A) facts, the application of law to fact, or opinions about either; and (B) the

genuiness of any described documents."  Rule 36(a)(6), Fed. R. Civ. P., allows a party to move to

determine the sufficiency of an answer or objection to a Request for Admission.

Request For Admission No. 13 asks Plaintiff to "[a]dmit that Plaintiff has no factual basis

that, if the information regarding David Lankford's termination and reinstatement had been presented

to the Joint Committee in either January or April 2008, Plaintiff's grievance regarding his December

2007 termination would have been upheld."  Plaintiff answers with an "[o]bjection to the form of

the question as assuming facts not in evidence as to the extent of the Plaintiff's knowledge and

calling for speculation.  Subject to and without waiving his objections, Plaintiff denies the requested

admission, as untrue.  Helpful evidence and precedent presumably would have caused the panel to

rule in favor of the Plaintiff, if the panel had not been biased and hostile to him."

"A denial must fairly respond to the substance of the matter; and when good faith requires

that a party qualify an answer or deny only a part of a matter, the answer must specify the part

_____

answer also appears with the parties' joint statement.

admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Plaintiff argues that a portion of the Request presents a hypothetical set of circumstances. The speculative portion of the Request, however, permissibly seeks an opinion related to fact. Fed. R. Civ. P. 36(a)(1)(A). Plaintiff provided a denial and qualification his answer and is not otherwise required to identify the underlying factual basis of his denial to this Request. To the extent that Defendant argues that Plaintiff's answer to Request No. 13 does not answer whether Plaintiff is in possession of "any facts," such an obligation is properly the subject of an interrogatory. Plaintiff has sufficiently answered with a denial and has properly qualified his response to the speculative portion of Request For Admission No. 13.

Request For Admission No. 18 asks Plaintiff to "[a]dmit that, at the conclusion of the Joint Committee hearing on January 16, 2008, Plaintiff stated that he had been fairly represented at the hearing by his union." Plaintiff answered with, "Denied as untrue and/or inaccurate." Plaintiff's answer is a proper and sufficient denial of Request No. 18 and Plaintiff does not qualify his answer regarding any portion of the Request.

Request For Admission No. 20 asks Plaintiff to "[a]dmit that Darwin Moore was on the 'rank and file opposition slate' running against the incumbent Local 243 officers in an officer election scheduled for the Fall 2008." Plaintiff answered, "Admitted in part and denied in part. Plaintiff admits that Darwin Moore was a candidate on a slate in the Fall 2008 Local 243 officer election, but is without information to admit or deny that the name of the slate was the 'rank and file opposition slate.'" Plaintiff properly specified the portion of the Request which he admitted and qualified the remainder. Fed. R. Civ. P. 36(a)(4). Plaintiff's answer to Request For Admission No. 20 is sufficient.

**b.      Request For Admission Nos. 30, 31 and 32.**

Plaintiff objects to Request For Admission Nos. 30, 31 and 32[2] that each seeks "a legal conclusion."  Rule 36 was amended in 1970 to include "the application of law to fact,"  thereby eliminating the requirement that the matters be "of fact."  Fed. R. Civ. P. 36, Advisory Committee Notes, 1970 Amendment.  Request Nos. 30 and 31 seek the application of law to the specific facts of the case, or opinions about the same, including provisions of the labor contracts and are proper Requests for Admission.  Request No. 32 asks for a legal conclusion regarding the application of the Family Medical Leave Act to Plaintiff's December 2007 termination, is not a proper Request for Admission and Plaintiff's answer is sufficient.  The Court will order Plaintiff to provide amended answers to Request for Admission Nos. 30 and 31.

**IT IS ORDERED** that Defendant United Parcel Service, Inc.'s Motion To Deem Requests For Admission Admitted Or, Alternatively, For Amended Answers (docket no. 57) is **GRANTED IN PART** and Plaintiff will serve amended answers to Request For Admission Nos. 30 and 31 on or before March 10, 2010.  The remainder of Defendant's Motion (docket no. 57) is **DENIED**.

---

[2] Request For Admission No. 30 asks Plaintiff to "[a]dmit that no labor contract applicable to Plaintiff's employment with UPS provided for reconsideration and/or rehearing of a grievance previously heard and decided by a joint committee."
Request For Admission No. 31 asks Plaintiff to "[a]dmit that no language is contained in the labor contracts applicable to Plaintiff's employment with UPS that provides that any joint committee decision is precedent for or binding upon the decision of a subsequent joint committee on any subsequent matter."
Request For Admission No. 32 asks Plaintiff to "[a]dmit that there were no facts implicating the Family Medical Leave Act involved in Plaintiff's termination by UPS in December 2007." (Docket no. 65-2).

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. § 636(b)(1).

Dated: March 2, 2010                                    s/ Mona K. Majzoub
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: March 2, 2010                                    s/ Lisa C. Bartlett
                                                        Case Manager